UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARRON DARVEZ JACKSON<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | Civil Action No. 15-153 ERIE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.     INTRODUCTION

Before the Court is the Report and Recommendation of Magistrate Judge Baxter in which she recommends the following: (1) the motion to dismiss filed by Corizon Health, Inc. ("Corizon") [Dkt. No. 80] be denied as to Plaintiff's medication access claim, but granted as to Plaintiff's claim arising out of the medical care he received for injuries he sustained in an assault; (2) the motion to dismiss filed by the United States of America, the Department of Justice, and the United States Marshals ("the Federal Defendants") [Dkt. No. 82] be granted as to Plaintiff's *Bivens* claims, but denied without prejudice on the basis of exhaustion of administrative remedies; (3) the motion to dismiss filed by UPMC Mercy [Dkt. No. 84] be granted, and (4) the motion to dismiss filed by Allegheny County, Rich Fitzgerald, Orlando Harper, Simon Wainwright, Garcia Chavez, and Eugene Judge ("the County Defendants") [Dkt. No. 89] be granted as to Plaintiff's official capacity claim, as well as his failure to protect and retaliation claims, but denied as to Plaintiff's claims arising against the County Defendants, arising out of the alleged denial of medication. Dkt. No. 131.

1

The County Defendants timely filed objections to the Report and Recommendation. Dkt. No. 134. No other objections were filed.

## II. BACKGROUND

Plaintiff, Jarron Jackson, is a prisoner presently incarcerated at the Edgefield Federal Correctional Institution in South Carolina. Proceeding *pro se* and *in forma pauperis*, Plaintiff initiated this action in June 2015, with a complaint setting forth numerous legal claims spanning a period of eight years, and sounding in false arrest/false imprisonment, malicious prosecution, deliberate indifference, due process, equal protection, failure-to-protect, breach of contract, among others.

Pursuant to the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. §1915(e)(2); 28 U.S.C. § 1915A, Magistrate Judge Baxter identified multiple deficiencies in the complaint, and required Plaintiff to file an amended complaint limited to claims not barred by applicable statutes of limitations and drafted in accordance with the Federal Rules of Civil Procedure. Dkt. No. 5. Plaintiff subsequently filed both an amended complaint and a motion to appoint counsel. Dkt. Nos. 11, 13. The Magistrate Judge Baxter granted Plaintiff's motion to appoint counsel and the action was administratively closed pending an appearance by counsel. Dkt. No. 37. Upon receipt of declinations of representation by three attorneys, the Magistrate Judge Baxter reopened the action and advised Plaintiff that he is responsible for the prosecution of his case. Dkt. No. 50. Defendants thereafter filed motions to dismiss. Plaintiff responded by filing his second amended complaint. Dkt. No. 79.

Reading his operative complaint liberally as required, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Magistrate Judge Baxter determined that Plaintiff alleges an Eighth Amendment claim against the Federal Defendants for the denial of medical care while housed as a pre-trial detainee at the Allegheny County Jail ("ACJ"). Specifically, Plaintiff alleges that upon transferring custody to

2

the ACJ, the Federal Defendants failed to ensure that his prescribed asthma, pain, and psychiatric medication would continue to be made available to him, and that his medical needs would otherwise be met. Dkt. No. 131 at 3.

Plaintiff also alleges claims against the County Defendants, arising out of the alleged deprivation of medical care and the failure to protect Plaintiff from an inmate assault while he was incarcerated at the ACJ. Plaintiff states that upon his admission to the ACJ, the County Defendants failed to intervene with the contracted medical provider, Corizon, to ensure that medication was provided as previously prescribed. Plaintiff alleges that he submitted complaints regarding the denial of his medication to ACJ medical personnel as well as to Defendants Allegheny County Executive Rich Fitzgerald, ACJ Warden Orlando Harper, and ACJ Deputy Warden Simon Wainwright, to no avail.

Plaintiff further alleges that ACJ officials were negligent and otherwise deliberately indifferent in failing to protect Plaintiff from an assault by two inmates who were "extorting" other inmates. Plaintiff alleges that despite general knowledge of the character of the involved inmates, and information that Plaintiff had been targeted, ACJ officials failed to intervene for his protection. In addition, Plaintiff alleges that ACJ Corrections Officers Eugene Judge and Garcia-Chavez retaliated against him because he complained about the denial of his medication, and that this retaliation led to the assault. Dkt. No. 131 at 2-3.

Plaintiff also filed claims against UPMC Mercy, alleging that it was deliberately indifferent and otherwise negligent in treating Plaintiff for a concussion and facial swelling sustained in the assault. In particular, Plaintiff alleges that UPMC Mercy wrongfully discharged and released Plaintiff to return to ACJ. Plaintiff further alleges claims against Corizon, arising out of a policy of denying medication to incoming prisoners with valid prescriptions, and requiring that new prescriptions be issued from Corizon physicians. Plaintiff alleges that Corizon's process and policy delayed access to his medication for up to one week. In addition, Plaintiff alleges that Corizon implemented policies

3

that preclude medical staff from exercising discretion in treating inmates and, in turn, this resulted in the lack of "effective treatment" after Plaintiff's assault. Dkt. No. 131 at 4.

Currently pending before this Court are motions to dismiss filed on behalf of Corizon [Dkt. No. 80], the Federal Defendants [Dkt. No. 82], UPMC Mercy [Dkt. No. 84], and the Allegheny County Defendants [Dkt. No. 89], all of whom argue that Plaintiff has failed to state cognizable claims upon which relief may be granted. Plaintiff filed responses to the motions filed on behalf of Corizon [Dkt. No. 121] and the Federal Defendants [Dkt. No. 110], but despite having been granted ample time to respond to the motions to dismiss filed on behalf of Defendants UPMC and the County Defendants, Plaintiff has failed to do so in a timely manner.

As stated in the Introduction, Magistrate Judge Baxter recommends that this Court grant the motions to dismiss except as to Plaintiff's denial of medication claim against Corizon and the County Defendants. Only the County Defendants filed an objection to the report and recommendation.

### III. DISCUSSION

The County Defendants object to Magistrate Judge Baxter's recommendation that Plaintiff's denial of medication claim against them not be dismissed. Dkt. No. 134. They contend that the operative complaint fails to allege that Allegheny County maintained an unconstitutional policy or custom that resulted in an injury to Plaintiff. *Id*. at 1-2. Alternatively, the County Defendants argue that even if such a policy or custom existed, Plaintiff failed to allege that the individual supervisory Defendants had personal involvement in the alleged constitutional violations. *Id*. at 2-3.

This Court disagrees with the County Defendants and finds, in light of the lenient pleading standards afforded to *pro se* litigants, Plaintiff has sufficiently stated a claim for denial of medication against the County Defendants. *See*, *e.g*., *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that pro se pleadings and filing, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (a "petition prepared by a prisoner … may be inartfully drawn and should …

be read 'with a measure of tolerance'"); *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant).

For the reasons set forth in the report and recommendation, this Court concludes that at this early stage of the litigation, Plaintiff has minimally set forth his claim that the ACJ had a policy of denying incoming inmates prescribed medication and that this policy was pursued with deliberate indifference to Plaintiff's medical condition. *See* Dkt. No. 131 at 17-18. In addition, Plaintiff has sufficiently alleged that each of the identified supervisors had notice of the policy and yet was deliberately indifferent to the risks associated with the delays in providing Plaintiff his prescribed medication. Therefore, the County Defendants' motion to dismiss must be denied as to Plaintiff's denial of medication claim.

### IV. CONCLUSION

For the foregoing reasons, the Court HEREBY ADOPTS the Report and Recommendation and rules as follows:

(1) the motion to dismiss filed by Corizon [Dkt. No. 80] is DENIED as to Plaintiff's medication access claim, and GRANTED as to Plaintiff's claim arising out of the medical care he received for injuries he sustained in an assault;

(2) the motion to dismiss filed by the the Federal Defendants [Dkt. No. 82] is GRANTED as to Plaintiff's *Bivens* claims, and DENIED without prejudice on the basis of exhaustion of administrative remedies;

(3) the motion to dismiss filed by UPMC Mercy [Dkt. No. 84] is GRANTED; and

(4) the motion to dismiss filed by the County Defendants [Dkt. No. 89] is GRANTED as to Plaintiff's official capacity claim, as well as his failure to protect and retaliation claims, and DENIED as to Plaintiff's claims arising against the County Defendants, arising out of the alleged denial of medication.

Dated this 21st day of March, 2018.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge